CROSS, Chief Judge.
The appellants-plaintiffs, Andrew J. Ca-nella and Frances J. Canella, appeal an order entered in favor of the appellees-de-fendants, Arthur Bryant, Joan Corinne Bryant, Jane Hardy, doing business as Jane Hardy Realtor; Daniel Young doing business as Kaley Realty; Nina Truman and Fort Lauderdale Multiple Listing Service, Inc., which dismissed plaintiffs’ complaint and entered judgment by default in favor of the defendants against the plaintiff for failure to appear at the taking of a deposition noticed in an action for breach of contract, negligence, fraud and breach of a fiduciary relationship. We reverse.
This action commenced on June 18, 1969 by a complaint being filed by the plaintiffs against the defendants. Omitting those parts of the complaint which are superfluous, the complaint in essence alleges as follows. The defendants, Jane Hardy and Daniel Young are licensed Florida brokers. The defendant, Nina Truman, is a licensed agent of defendant, Daniel Young. The defendants, Arthur Bryant and Joan Corinne Bryant, are sellers of certain realty which is evidenced by a contract of sale attached to the complaint as Exhibit One; that the plaintiffs are the purchasers of that realty; that as an inducement to the execution of the realty contract all the defendants in this cause misrepresented to the plaintiffs that the property was zoned R-3, that the roof was “a tile” roof and that there was no outstanding sewage lien on the property or sewage debt owing. The complaint continues to allege that representations were false, that defendants knew these representations were false, that the plaintiff relief upon these representations and executed the contract and performed; that the representations of fact were made orally and in writing as evidenced by an exhibit enumerated as Exhibit Two, which is a Fort Lauderdale Multiple Listing describing the said property and showing a picture of it. The complaint further alleges that defendants, Jane Hardy, Daniel Young and Nina Truman, were fiduciaries of the plaintiffs, and that the defendants, Jane Hardy and Daniel Young, were also the principals in the described transaction as evidenced by a mortgage deed and promissory note attached to the complaint and designated as Exhibit Three; that the defendants, Jane Hardy, Daniel Young and Nina Truman, held themselves out as professionals with a professional license and expertise in preparing a realty contract, and that the realty contract contained no provision permitting avoidance in the event of (a) the roof was not a tile roof, and (b) the property was not zoned R-3; that these admissions on the part of Jane Hardy and Daniel Young constituted negligence or malpractice; that the defendants, Jane Hardy and Daniel Young, received commissions as a result of this sale which were paid by the plaintiffs and that the defendants, Jane Hardy and Daniel Young were fiduciary agents of the plaintiffs and owed the plaintiffs a duty of disclosure; that the defendant, Arthur Bryant and Joan Corinne Bryant, were obligated by the terms of the realty contract to release outstanding liens on the property and were not specifically exempt under the realty contract, and that there exists presently a certified lien in the amount of $247.20 excluding accrued interest, which *330 lien existed prior to the execution of the realty contract.
The plaintiffs demanded (a) damages for the difference in value between “a tile” roof and the roof actually received; (b) damages for the difference in value of the said property being zoned R-2 instead of R-3 as represented; (c) damages occasioned by the aforedescribed sewer lien; (d) restitution of the commission paid to the defendants, Jane Hardy and Daniel Young, a rescission of that mortgage deed and promissory note; (e) punitive damages. Plaintiffs finally demanded actual damages in the amount of $20,000 and punitive damages in the amount of $10,000, costs, rescission of the mortgage deed and promissory note, and demanded trial by jury of all issues so triable.
On June 27, 1969, the defendant, Fort Lauderdale Multiple Listing Service, Inc., answered the complaint and asserted a crossclaim against Jane Hardy, doing business as Jane Hardy Realtor. On July 8, 1969, the defendant, Jane Hardy d/b/a Jane Hardy Realtor filed a motion to dismiss the complaint and a notice of taking the deposition of the plaintiffs, Andrew J. Canella and Frances J. Canella. These plaintiffs’ depositions were to be taken at 10 a. m. and 11 a. m., respectively, on Tuesday, July 29, 1969, at the Broward Reporting Service, Inc., 401 Courthouse Square Building in Fort Lauderdale.
On July 17, 1969, the defendant, Nina Truman, filed motion to dismiss complaint, and on July 17, 1969, both the defendant, Daniel Young and the defendant, Kaley Realty, filed motion to dismiss complaint. Thereafter on July 24, 1969, the defendant, Jane Hardy d/b/a Jane Hardy Realtor, filed motion to dismiss crossclaim of Fort Lauderdale Multiple Listing Service, Inc.
On July 30, 1969, the defendant, Jane Hardy d/b/a Jane Hardy Realtor, moved to strike and dismiss the complaint and for entry of judgment by default against the plaintiffs for their willful failure to appear at the taking of the depositions. This motion in essence asserted that the defendant served proper notices for taking depositions upon the said plaintiffs and that the notices were given approximately three weeks in advance of the scheduled time for taking deposition. At 10:45 a. m. on July 29, 1969, the court reporter called plaintiffs’ attorney regarding the deposition, at which time the attorney advised the reporter he had a conflicting hearing and could not attend the depositions. This motion was granted by the trial court, and judgment by default was entered in favor of the defendant, Jane Hardy d/b/a Jane Hardy Realtor.
The defendants, Arthur Bryant, Joan Corinne Bryant, Daniel Young d/b/a Ka-ley Realty, and Nina Truman, filed motion to strike and dismiss, asserting therein the same allegations as were asserted by the defendant, Jane Hardy d/b/a Jane Hardy Realtor. The defendant, Fort Lauderdale Multiple Listing Service, Inc., also filed motion to strike and dismiss adopting the allegations set forth in the motion to strike and dismiss filed by the other defendants.
Prior to the hearings on these latter motions to strike, dismiss and for judgment by default, plaintiffs petitioned for rehearing addressed to the order granting the motion by defendant, Jane Hardy d/b/a Jane Hardy Realtor, to strike, dismiss complaint and for entry of judgment by default. In support of the petition for a rehearing plaintiffs attached affidavits which set forth the following sequence of events that prevented attendance at the taking of the scheduled depositions. The plaintiffs’ attorney had a hearing scheduled in a workmen’s compensation matter for 9 a. m. on July 29, 1969, the same day of the scheduled depositions, and at that time there was no suspected conflict because plaintiffs’ attorney anticipated the workmen’s compensation hearing would take at most forty-five minutes and would give plaintiffs’ attorney ample time to proceed to the depositions. The plaintiffs were advised to wait in their attorney’s office commencing at 9 a. m., and that upon the *331 attorney’s return he would pick up the plaintiffs and take them to the place of deposition at 10:30 a. m. On July 28, 1969, the day before the scheduled deposition, plaintiffs’ attorney received a series of motions in the workmen’s compensation matter, whi.ch were noticed for hearing at the time previously obtained for the following morning at 9 a. m. It was anticipated by plaintiffs’ attorney that these motions would considerably protract the hearing in the morning, and that there would indeed be a conflict. Plaintiffs’ attorney then contacted defendants’ attorney to seek a postponement of the depositions. The request for postponement was denied. The plaintiffs’ attorney then sought a continuance in the workmen’s compensation matter by moving for such continuance on July 28, 1969. The motion was denied. An attempt was made to obtain a hearing in the afternoon of July 28, 1969, to obtain a protective order concerning the depositions, but the hearing time was unavailable because of the late hour. The workmen’s compensation hearing lasted until approximately 1 p. m, on the afternoon of July 29, 1969. There apparently was no one in the office of plaintiffs’ attorney that could handle the deposition. Plaintiffs’ attorney’s partner was in Europe and an associate was in trial on a different matter on the morning of July 29, 1969. The plaintiffs’ attorney was notified at the workmen’s compensation hearing on the morning of July 29, 1969, that defendants’ attorney was waiting. Plaintiffs’ attorney explained the predicament and requested that the deposition be continued to that afternoon or any other time that defendants’ attorney proposed. This request was refused.
Defendant, Jane Hardy d/b./a Jane Hardy Realtor, moved to strike plaintiffs’ petition for rehearing. The trial court denied rehearing, granted motions by the defendant, Fort Lauderdale Multiple Listing Service, Inc., to strike and to dismiss, and entered default judgment in favor of the defendant, Fort Lauderdale Multiple Listing Service, Inc.; granted motion to strike, motion to dismiss by the defendants, Arthur Bryant, Joan Corinne Bryant, Daniel Young d/b/a Kaley Realty, and Nina Truman, and entered judgment by default in favor of these defendants. This appeal followed.
Pursuant to Rule 1.280(a), F.R.C. P., 30 F.S.A., after the commencement of an action any party may take the deposition of any person, including a party, without leave of court except that leave granted with or without notice must be obtained if notice of the taking is served by the plaintiff within twenty days after service of process on the defendant. Unless otherwise ordered by the court, the deponent may be examined regarding any matter not privileged which is relevant to the subject matter of the pending action, Rule 1.-280(b). The Florida Rules of Civil Procedure also provide sanctions against a party for failure to make discovery. Rule 1.-380(d) provides,
“Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice or fails to serve answers to interrogatories submitted under Rule 1.340 after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.” (Emphasis supplied.)
Rule 1.380(d) provides that the trial court upon motion and notice may strike out all .or any part of any pleading or dismiss the action or enter a judgment by default against that party. By the plain language of the rule, it is obvious that the portion of the rule permitting entry of judgment by default applies only against the defendant and not against plaintiff. Rashard v. Cappiali, Fla.App.1965, 171 So.2d 581.
*332 As to the plaintiff, the alternative provisions are (1) to strike out all or any part of any pleading, or (2) to dismiss the action or proceeding or any part thereof. Thus the trial court’s initial mistake, among others, was to enter judgment by default against the plaintiffs.
Since the dismissal referred to in Rule 1.380(d) would be an involuntary dismissal as opposed to a voluntary dismissal, it is necessary to review Rule 1.420(b), which concerns itself with involuntary dismissal and provides in part as follows:
“Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. * * * ”
It should be noticed that Rule 1.420(b) permits involuntary dismissal upon motion for two separate reasons: (1) failure of an adverse party to comply with these rules, or (2) failure of an adverse party to comply with any order of court.
In the instant case, the plaintiffs did not fail to comply with any order of court requiring their deposition as the defendant sought no order of court compelling depositions of the plaintiffs. Defendant merely after scheduling the depositions of plaintiffs for the first time and upon plaintiffs’ failure to attend that deposition, moved the court to strike and dismiss.
Eliminating the chaff from the wheat, we have for determination one sole question: whether the plaintiffs wilfully failed to appear before the officer who was to take their depositions after being served with proper notice. The guiding word is “wilfull.” Black’s Law Dictionary, 4th Edition 1951, defines the word “willful” as intending the result which actually comes to pass, designed, intentional, not accidental or involuntary. A willful act has been described as one done intentionally, knowingly and purposely, without justifiable excuse as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently.
The record before us vividly illustrates that neither the plaintiffs nor their attorney willfully failed to appear for the taking of the depositions. It is patently obvious that plaintiffs’ attorney on the day of the scheduled depositions had an irreconcilable conflict in his schedule. He tried to obtain the cooperation of opposing counsel, the court, and the Florida Industrial Commission to alleviate this conflict so he could appear at the depositions with his clients, all to no avail. The plaintiffs were waiting at their attorney’s office to attend the depositions with counsel, and obviously would have attended but for counsel’s irreconcilable conflict. Such is not, in our opinion, any form of willfulness which would invoke the penalties of Rule 1.-380(d), F.R.C.P.
By way of dictum, this writer would like to express his disdain that a case of this posture should crowd an already bursting appellate docket. It has been the common practice and courtesy of attorneys throughout the state to cooperate as to the scheduling of depositions, as it is well their duty to do in the furtherance of justice and as officers of the court. Personality conflicts between attorneys should not prejudice the rights of party litigants. The errors herein have been compounded because of lack of discernment on the part of the trial judge, who should know that the rules of civil procedure were not designed to be used in a manner to cause oppression or harassment to the parties of a lawsuit, but should be liberally construed to effectuate the intended purposes of allowing a complainant to state his cause and facilitate an expeditious trial on the merits. When a strict enforcement of the letter of practice rules tends to prevent or jeopardize administration of justice, the rules should yield to a higher purpose. We expect trial judges to oversee the using of the rules to the end that they shall be tools for obtaining justice as well as a speedy determination of causes.
Accordingly, the order appealed is reversed. The complaint is reinstated, and *333 the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
REED, J., concurs.
WALDEN, J., concurs specially in conclusion only, with opinion.