332 So.2d 139 (1976)
LEATHERBY INSURANCE COMPANY, a Foreign Corporation, Appellant-Petitioner,
v.
Anthony Lee JONES, Appellee-Respondent.
No. 75-2018.
District Court of Appeal of Florida, Third District.
May 11, 1976.
*140 Prunty, Ross, DeLoach & Olsen, Miami, for appellant-petitioner.
Nachwalter, Christie & Falk and Steven Kronenberg, Miami, for appellee-respondent.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal by defendant, Leatherby Insurance Company, from two orders of the trial court in an automobile accident case. The first is an order granting partial summary judgment on liability in favor of the plaintiff, Anthony Lee Jones, for failure of co-defendant, Charles Jorden, Leatherby's insured, to appear for deposition pursuant to court order. The second is an order denying Leatherby leave to amend its answer to deny coverage to Charles Jorden due to Jorden's lack of cooperation. We are treating the appeal on the order denying leave to amend as certiorari.
The thrust of Leatherby's points on appeal is whether, as a real party in interest, Leatherby can be denied the opportunity to defend the issue of liability where its insured, the co-defendant, has failed to comply with discovery. We think not.
The trial court erred in granting summary judgment on liability against both Jorden and Leatherby as a result of Jorden's failure and refusal to make himself available for deposition pursuant to court *141 order. Leatherby is a real party in interest in the cause, having been made a party defendant by the plaintiff and having filed an answer denying the allegation that the defendants were negligent and asserting the defense of negligence on the part of the plaintiff. Thus, Leatherby has the right to contest and defend the question of liability with reference to the direct action against it. Leatherby is entitled to have the factual issues determined by a jury since Jorden's noncompliance with discovery is not chargeable to Leatherby. Rule 1.380(b)(2)(C), RCP, provides that for failure to provide or permit discovery, the court may strike pleadings or render a judgment by default against the disobedient party. As this court stated in Rashard v. Cappiali, Fla.App. 1965, 171 So.2d 581, 583,
"The law abhors the denial of access to the courts for any reason other than a wilful abuse of the processes of the court. Such a wilful disregard of the rules of court will not ordinarily be shown by a record which does not show the violation of a specific order of the court."
Leatherby was not in violation of any specific order of the court, and the sanctions against it were improperly invoked. The sanctions under the discovery rules are neither punitive nor penal. Their objective is to compel compliance with discovery, and then only in flagrant or aggravated cases. Hurley v. Werly, Fla.App. 1967, 203 So.2d 530, 537. Also see Canella v. Bryant, Fla. App. 1970, 235 So.2d 328, 332.
On the question of the denial of Leatherby's motion for leave to amend its answer, we are of the opinion that the trial court departed from the essential requirements of law, and we grant certiorari. The record demonstrates that in spite of Leatherby's efforts, Jorden failed and refused to assist or cooperate in defending the action. Under such circumstances, Leatherby was entitled to amend its answer to include the defense of no coverage due to lack of cooperation. A factual determination of this question could readily dispose of the entire case. Denying Leatherby the right to present the question of coverage and forcing a trial on the sole issue of damages would leave Leatherby without remedy to face the possibility of a substantial judgment, when it was not at fault. In American Universal Insurance Company v. Stotsberry, Fla.App. 1959, 116 So.2d 482, 484, this court found that where there was alleged failure or refusal of the insured to cooperate, it was error to hold, on motion for summary judgment, that the plaintiff was entitled to judgment as a matter of law. The failure or refusal and the legal effect of such conduct under the circumstances of the case were questions of fact which were not resolved. The issue of non-cooperation, and whether it amounts to a breach of the policy under facts such as these is one for the jury to settle. See also Barnes v. Pennsylvania Thresherman and Farmers' Mutual Casualty Insurance Company, Fla.App. 1962, 146 So.2d 119.
Accordingly, the summary judgment on liability is reversed as to Leatherby, the order denying leave to amend is quashed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.