PER CURIAM.
Petitioners seek a writ of certiorari to review an order of the judge of compensation claims (JCC) which granted a motion to compel discovery. Finding that the petition fails to demonstrate a departure from the essential requirements of law, we deny the petition. ,
The claimant in this workers’ compensation case subpoenaed the rehabilitation provider and noticed the carrier’s adjuster for deposition. Both witnesses were to appear on October 13, 1989. The employer/carrier (e/c) alleges its counsel prepared a motion for protective order under certificate of service dated October 6, 1989. The motion sought to limit discovery of certain issues which were presently on appeal. The e/c failed to file that motion or serve it upon opposing counsel. The e/c characterizes the failure to file or serve the motion for protective order as an “inadverten[t] or excusable clerical mistake.” Upon discovery of the error, the e/c prepared another motion for protective order and filed it on October 13, about the same time the depositions were scheduled to commence. Upon advice of counsel for the e/c, neither the rehabilitation provider nor the claims adjuster appeared for the depositions. Certificates of nonappearance were obtained by the claimant.
Claimant then filed a motion to compel discovery and for sanctions. At hearing, the JCC considered these motions along with the e/c’s motion for protective order. The e/c’s motion for protective order was granted upon the grounds argued in the motion and counsel for claimant was directed to refrain from inquiring into matters presently on appeal. The JCC also granted the claimant’s motion to compel and motion for sanctions. Sanctions in the form of an attorney’s fee award of $900 were granted. Petitioners seek review of this order of the JCC.
Petitioners argue that the filing of the motion for protective order acted as an automatic stay of the scheduled depositions. We find no support for this contention in the Florida Rules of Civil Procedure. The e/c argues that the order granting the motion to compel discovery violates the work product privilege and attorney/client privilege because the subpoena duces te-cum calls for production of the entire claims file. The e/c did not make these arguments to the JCC, but requested a motion for protective order only to limit discovery of issues presently on appeal. *441 We decline to review an issue which was not presented to the JCC. The e/c also argues that the attorney’s fee award of 1900 is excessive and unwarranted. We do not agree.
Petitioners having failed to show that the order below constitutes a departure from the essential requirements of the law, the petition for writ of certiorari is denied.
ERVIN, ZEHMER and ALLEN, JJ„ concur.