616 So.2d 121 (1993)
Sheik Abdul Rahman MOMENAH, Appellant,
v.
Mohammed Rabih AMMACHE, Appellee.
No. 92-01172.
District Court of Appeal of Florida, Second District.
March 24, 1993.
*122 Robert L. Donald of Law Office of Robert L. Donald, and Gordon R. Duncan of Duncan & Engvalson, P.A., Fort Myers, for appellant.
Robert M. Meyer and Robert A. Bertsch, pro hac vice of Milberg Weiss Bershad Specthrie & Lerach, New York City, Jeffrey D. Fridkin of Mershon, Sawyer, Johnston, Dunwody & Cole, Naples, for appellee.
SCHOONOVER, Judge.
The appellant, Sheik Abdul Rahman Momenha, challenges a final order striking his pleadings and dismissing his complaint as a sanction for failing to comply with two pretrial orders. Under the circumstances of this case, we find that the appellant's actions did not deserve the severe sanction of dismissal, and we, accordingly, reverse.
The appellant, a resident of Saudi Arabia, filed his original complaint in this matter in 1987. The appellee, Mohammed Rabih Ammache, also a nonresident of the United States, was added as a party in 1989.
The first order, which the trial court found that the appellant had violated, was an order setting the case for trial. The *123 order established a date when discovery was to be concluded and admonished the parties that all deadlines would be strictly enforced.
The other order related to the taking of the appellant's deposition. The appellee, who had been added as a party after the appellant's first deposition was taken, served a notice of the taking of the appellant's deposition on the appellant in London, England. The notice required the appellant to appear in Naples, Florida, in nine days. After the appellant did not appear for the deposition, the trial court entered an order requiring him to appear in Collier County for the taking of his deposition within thirty days or his action would be dismissed.
The appellant ultimately failed in his attempt to delay the taking of his deposition past the thirty days mentioned in the second order. Based upon the appellant's failure to appear for the taking of his deposition, the trial court found that the appellant was in deliberate, contumacious, and flagrant violation of the two above mentioned orders and entered a final order striking the appellant's pleadings and dismissing the action. This timely appeal followed.
In disposing of this appeal, it is not necessary for us to set forth all of the procedural problems that arose during the course of this litigation. We certainly understand how the trial judge could have felt frustrated because of these problems and because of the delays they caused. We cannot, however, agree that the appellant's actions amounted to a deliberate, contumacious, and flagrant violation of the trial court's orders.
A trial court must have the authority to manage his case load and to impose sanctions when necessary. Florida Rule of Civil Procedure 1.380(b) allows the imposition of sanctions for failing to obey an order requiring discovery. As a sanction, the court may strike a party's pleadings and dismiss that party's action. The dismissal of a cause of action as a sanction, however, is a drastic remedy which should be used only in extreme situations. Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987). Furthermore, before dismissing an action as a sanction, the court must find that a plaintiff's failure to comply with discovery was willful, flagrant, contumacious, or contemptuous. Wallraff v. TGI Friday's, Inc., 490 So.2d 50 (Fla. 1986). The record does not support such a finding in this case.
It could not be seriously contended that the appellant's action should have been dismissed because he failed to appear at the first deposition set by the appellee. Everyone concerned with the litigation knew that the appellant's attorney had been given permission to withdraw and that the appellant was in the process of obtaining a new Florida attorney at the time. It would have been an abuse of discretion to dismiss the appellant's action on the basis that he, while not being represented by a Florida attorney, did not travel from Saudi Arabia to Collier County, Florida, on nine days notice given to a representative in London, England. See Canella v. Bryant, 235 So.2d 328 (Fla. 4th DCA 1970).
The court, however, had the right to consider imposing sanctions upon the appellant for failing to follow its order requiring the appellant to appear for the taking of his deposition within thirty days from the date of the second order. In this case, the sanction imposed was just too severe. Shortly after the entry of the court's order requiring the appellant to appear in Naples for the taking of his deposition, and after receiving a new date from the appellee, the appellant's newly hired attorneys filed a motion for a protective order. Although they attempted to have the motion heard prior to the date established for the deposition, the court's calendar prevented them from doing so.
The appellant's motion for a protective order, based upon the appellant's health, sought to postpone the deposition or to accommodate the appellee in some other manner. The motion was originally granted, but upon rehearing the trial court reversed its ruling, denied the motion, and rather than then allowing the appellant an *124 opportunity to comply with the order, struck the appellant's pleadings, and dismissed the action.
The appellant's motion for a protective order was addressed to the sound discretion of the trial court and the record does not establish that the court erred in denying that motion. The record, however, also does not establish that the motion was frivolous or not filed in good faith. Since the appellant tried to have his motion heard before the time he was to appear and was only prevented from doing so because of a congested calendar, the court erred by immediately striking his pleadings without giving him an opportunity to appear or to seek review of the denial of his motion. See Stowe v. Shults, 379 So.2d 682 (Fla. 2d DCA 1980). The filing of a motion for protective order does not act as an automatic stay in a civil action. Stables and CNA Ins. Co. v. Rivers, 559 So.2d 440 (Fla. 1st DCA 1990). But see Trawick's Florida Practice & Procedure § 16-12 Protective Orders (1992 Ed.). When, however, a party seeking the order makes his motion as soon as the need for it becomes known and tries to obtain a hearing on the motion before the time set for compliance with the order, his diligence should be considered in determining whether his pleadings should be stricken and his action dismissed. The sanction of dismissal should only be invoked in flagrant cases and then only after the court has given the defaulting party a reasonable opportunity to conform. Hurley v. Werly, 203 So.2d 530 (Fla. 2d DCA 1967). Since the appellant's attorney did all he could do to protect his client's rights by filing a motion for protective order and trying to have it heard in time to comply with the court's order if it was denied, the court should have afforded him a reasonable opportunity to appear before striking his pleadings and dismissing his action. See Hurley.
We are reluctant to interfere with the trial court's duty to manage its cases and to evaluate and deal with discovery violations, but the appellant's actions in this case did not warrant the severe sanctions imposed upon him. See Bieling v. E.F. Hutton & Co., Inc., 522 So.2d 878 (Fla. 2d DCA), rev. denied, 531 So.2d 1352 (Fla. 1988). The sanctions imposed must be commensurate with the offense, and they were not in this case. See Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). We, accordingly, reverse and remand with directions to reinstate the appellant's action and for proceedings consistent herewith
Reversed and remanded with directions.
CAMPBELL, A.C.J., and THREADGILL, J., concur.