NORTHCUTT, Judge.
Daniel Littlefield sued J. Pat Torrence, seeking damages for injuries he sustained in a motor vehicle accident. The circuit court, eventually dismissed his complaint because he failed to attend two scheduled independent medical examinations. The statute of limitations bars refiling of the suit. While we do not condone Littlefield’s behavior, we reverse.
The accident that resulted in Littlefield’s injuries occurred in September 1994. Lit-tlefield filed suit in 1996. In June 1997, Torrence scheduled the first independent medical examination (IME) of Littlefield for August 1, 1997. The day before the examination, Littlefield informed Torrence he could not attend because of personal family conflict. Torrence filed a motion to compel him to attend a rescheduled IME. The parties submitted an agreed order, which the court entered, that stated Little-field was “compelled to attend an orthopedic IME with Dr. James Murphy, which is to be re-set on proper notice.”
In June 1998, Torrence noticed the second IME for September 11, 1998, in Tampa with Dr. Murphy. By that time, Little-field had moved to Kentucky. He did not *369 contest the scheduling of the examination, but two days before it was to occur he advised his counsel he was financially unable to travel to Florida. Littlefield’s counsel told Torrence that his client would not attend the IME and tried to arrange an alternative date. When the parties could not agree, Littlefield filed a motion for protective order. Torrence responded with a motion for sanctions. After a hearing on the motions, the court dismissed Littlefield’s complaint and ordered him to pay $1000 in costs to cover Dr. Murphy’s fees.
On appeal, Littlefield has not challenged the court’s imposition of costs, so that portion of the order stands. As to the dismissal, it is the most severe sanction a court may impose. It should be reserved for the most egregious conduct and used only in the most extreme circumstances. See Momenah v. Ammache, 616 So.2d 121 (Fla. 2d DCA 1993). Before dismissing an action as a sanction for a discovery violation, the court must find that the plaintiffs failure to comply was “willful, flagrant, contumacious, or contemptuous.” Id. at 123. While the court here found that Littlefield’s failure to attend the second IME was “contumacious and a willful disregard” of the court’s order compelling him to do so, the record does not support that finding. Although Littlefield could have announced his inability to attend in a more timely fashion, he did provide a reason: financial inability. He filed a motion for protective order and an affidavit detailing his finances and stating that he had no available funds or available credit with which to make the trip to Florida. On this record, the circuit court abused its discretion when it found the violation willful. Accordingly, we must reverse.
While we reverse the dismissal, we do not intend to imply that Littlefield should not be sanctioned for his behavior. The circuit court is free to fashion another sanction that is commensurate with the violation. See Martin v. Laidlaw Tree Service, Inc., 619 So.2d 435, 438 (Fla. 2d DCA 1993) (citing Ferrante v. Waters, 383 So.2d 749, 750-51 (Fla. 4th DCA 1980)).
FULMER, A.C.J., and GREEN, J., concur.