DOWNEY, Judge.
Plaintiff-Appellee, Little River Bank & Trust Company, filed a creditor’s suit and petition to marshal assets against two individual defendants (J. W. Dickson and his wife), and against the four defendant-appellant corporations, which were alleged to be Dickson’s alter ego.
In October 1972, appellee propounded written interrogatories to the ap *44 pellants, and although objections were directed to many of them, appellants failed to answer those as to which there was no objection. Then for a period of eight months appellee awaited answers while appellants argued objections, obtained extensions of time, perfected an interlocutory appeal which was dismissed for lack of prosecution, and generally procrastinated. Finally, on April 23, 1973, the court ordered appellants to answer certain interrogatories within ten days. As might be expected from a perusal of this record, that time came and went without performance. But appellants obtained a stipulation from appellee for a further extension of time to June IS, 1973. In return for appel-lee’s agreement to the extension of time, the appellants stipulated that if they did not comply with the court’s order of April 23, 1973, by June IS, 1973, their answers would be stricken and a default would be entered without notice. True to form, appellants failed to file their answers to' the interrogatories in question by June 15th. On June 18, 1973, appellants filed a motion for an extension of time to August 1, 1973, on the ground that J. W. Dickson was out of the country. Counsel for appellants also filed what he termed “Further Supplemental Answers to Interrogatories” in which he purported to answer the interrogatories in question. However, in his June 18th motion counsel states unequivocally that he is not able to fully answer said interrogatories.
Thus, it seems clear that the appellants failed to act in accordance with their stipulation — they did not comply with the court’s order of April 23, 1973. The answers ultimately filed by appellants’ counsel were incomplete by his own admission, and thus under Rule 1.380(a)(3), RCP, are to be treated as no answer. It is worthy of note, since it fits appellants’ general pattern of conduct in this case, that though appellants’ motion of June 18th asks for an extension of time to August 1 to properly answer the interrogatories, said motion was never set.for hearing and August 1st came and went without any effort on the record toward compliance.
Accordingly, the entry of the order of August 7, 1973 striking appellants’ answers and entering a default was not only agreed to by appellants in their stipulation but was entirely warranted.
We have considered appellants’ other points on appeal and find them to be without merit except as to their complaint that the receiver appointed by the court was not required to furnish a bond.
Appellee concedes on oral argument that the receiver should be required to post a bond. In fact, the record reflects that ap-pellee has a pending motion in the court below to set the terms and conditions of a bond for the receiver.
In view of the foregoing, the final judgment is affirmed in all respects, except that upon remand the trial court shall, upon notice, set the terms and conditions of a bond for the receiver appointed in the final judgment.
WALDEN and MAGER, JJ., concur.