357 So.2d 464 (1978)
TRAVELERS INSURANCE COMPANY and Peter Vassey, Appellants,
v.
Anna RODRIGUEZ, As Administratrix of the Estate of Gilletto Rodriguez, Deceased, Appellee.
No. 77-1968.
District Court of Appeal of Florida, Second District.
April 12, 1978.
Benjamin H. Hill, III and Charles P. Schropp, of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellants.
John H. Piccin, of Pattillo, MacKay & McKeever, P.A., Ocala, for appellee.
GRIMES, Acting Chief Judge.
This interlocutory appeal questions the validity of an order striking the appellants' pleadings and granting the appellee a default judgment on liability and of a subsequent order denying the appellants' motion to set aside the default judgment.
The appellee (plaintiff) filed a wrongful death action against the appellants (defendants) arising out of an automobile accident. After the case was at issue on allegations of negligence and a defense of comparative negligence, the court entered and served on counsel for all parties a pretrial order setting the case for pretrial conference and jury trial. The first page of the order included a warning in large red letters stating, "caution read carefully," and bearing the stamp of the trial judge. Paragraph 9 of the order provided that the failure of any party or counsel to strictly adhere to the order shall be grounds for the court to dismiss the case and strike the pleadings or to take such other action as justice requires. Paragraph 4 required that the parties file, and furnish a copy to opposing counsel, a pretrial statement at least six days before the pretrial conference scheduled for Monday, October 31, 1977, in Inverness, Florida. At the time of the pretrial conference, the defendants' attorney tendered a pretrial statement but announced that through inadvertence he had failed to file or to furnish the statement six days in advance as required by the order. On its own motion the court struck the defendants' pleadings and entered a default judgment against the defendants on liability.
Three days later the defendants filed a motion to set aside the default judgment accompanied by an affidavit of defendants' counsel. At the hearing defendants' counsel explained that he had first realized that he had failed to timely furnish the pretrial statement on Friday, October 28, 1977. He thereupon telephoned the plaintiff's counsel and discussed in detail the matters which he intended to include in his pretrial statement. In the course of this telephone conversation counsel for the parties were able to stipulate on certain issues with respect to the trial. Defendants' counsel explained that in Hillsborough County where he normally practices there was no requirement to submit a pretrial statement in advance, but he did not deny the fact that his office had received the order which required the pre-trial *465 statement to be submitted prior to the conference. In arguing that his clients had a meritorious defense to the action, he pointed out that the investigating patrolman had not charged the defendant driver as a result of the accident.
The judge conceded that the plaintiff had not been prejudiced by defense counsel's failure to timely file the pretrial statement but maintained that it was necessary for him to penalize the defendants in this manner in order to be able to enforce compliance with an expeditious pretrial procedure. The motion to set aside the default was denied.
The parties devote much of their argument to whether the court has the authority to strike a party's pleadings for his counsel's failure to follow an order for pretrial compliance. Fla.R.Civ.P. 1.200 dealing with pretrial procedure refers only to the striking of a party's pleadings upon the failure of his attorney to attend the pretrial conference. Nevertheless, we are unwilling to hold that the court cannot strike a party's pleadings for the wilful and flagrant failure of his attorney to comply with this or any other legitimate order. We do hold that under the facts of this case, defense counsel's failure to abide by the order for pre-trial compliance did not warrant such a severe sanction.
While there are no Florida decisions directly on point, the tenor of those cases which have some applicability is that the sanction imposed must be commensurate with the offense. Thus, in Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971), a judgment for the plaintiff was entered at a pretrial conference for the failure of the defendant's counsel to appear because his secretary had not noted the date in his diary book. While recognizing that the applicable rule of civil procedure authorized such a sanction, the court vacated the judgment and said:
We cannot condone counsel's failure to comply with an order of the court for a pretrial conference; but neither can we approve the entry of a final judgment for such failure where the record is devoid of any evidence reflecting a persistent refusal to attend or a wilful disregard of an order of court. The pretrial conference was designed to expedite the disposition of litigation and not to serve as a substitute for a trial on the merits. The failure of counsel to attend while subjecting him to judicial sanctions ought not in this case serve as a predicate upon which to punish the litigant... .
Id. at 381.
Referring to the failure of counsel to appear for a pretrial conference in Beasley v. Girten, 61 So.2d 179 (Fla. 1952), our supreme court said:
The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of the rule. Such refusal may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant. Dismissal `with prejudice' in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel.
We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal `with prejudice' would in effect punish the litigant instead of his counsel. Although persistent refusal to attend might, in the interest of justice, require a dismissal without prejudice, we think for the reasons given that such dismissal upon the first infraction is too severe.
Id. at 180, 181. See also Goldman v. Tabor, 239 So.2d 529 (Fla. 2d DCA 1970).
The federal courts, which follow a pre-trial procedure much like ours, have consistently taken the same position. Thus in Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.1968), a case arising in Florida, the court reversed an order dismissing the plaintiff's claim with prejudice for his counsel's failure to abide by the orders and rules of the court regulating pretrial procedure. The court stated:

*466 It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations, the power is one inherent in the courts `in the interest of the orderly administration of justice.' It may be exercised sua sponte under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion. Dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions...
Id. at 887, 888. See Padovani v. Bruchhausen, 293 F.2d 546 (2d Cir.1961), and Gamble v. Pope & Talbot, Inc., 191 F. Supp. 763 (E.D.Pa. 1961), both of which involved the failure to fully comply with orders for the filing of pretrial statements.
The order striking the defendants' answers and entering a default against them on liability is hereby set aside. The case is remanded for further proceedings.
SCHEB and DANAHY, JJ., concur.