364 So.2d 524 (1978)
John W. HART, Jr., Appellant,
v.
Regina S. WEAVER and Richard W. Colvin, Appellees.
No. 78-874.
District Court of Appeal of Florida, Second District.
November 15, 1978.
*525 Robert A. Vostrejs, Jr. and John H. Piccin of Pattillo, MacKay & McKeever, Ocala, for appellant.
Gary E. Wagner, Inverness, for appellee/Weaver.
Alan E. Fearns, Crystal River, for appellee/Colvin.
OTT, Judge.
The lower court entered an order striking appellant's pleading and entering a default judgment against him. We reverse.
The appellant represented himself. In its order setting the case for a pretrial conference, the lower court ordered each party to file with the court and furnish to opposing counsel a copy of its pretrial statement at least six days prior to the pretrial conference. The other two parties in the case filed such statements albeit less than six days prior to the pretrial conference. Appellant failed to file any pretrial statement at all. This failure constituted the grounds for striking appellant's pleadings and entering default judgment against him.
We hold that under the facts of this case, appellant's failure to abide by the lower court's order to timely file a pretrial statement did not warrant such a severe sanction. In so holding, we rely upon this court's recent decision in Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla.2d DCA 1978). In that case  which is similar, if not exactly the same  this court held:
[W]e are unwilling to hold that the court cannot strike a party's pleadings for the wilful and flagrant failure of his attorney to comply with this or any other legitimate order. We do hold that under the facts of this case, defense counsel's failure to abide by the order for pretrial compliance did not warrant such a severe sanction.
357 So.2d at 465. As pointed out in Rodriguez, "the sanction imposed must be commensurate with the offense." 357 So.2d at 465 citing Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). The imposition of the most severe sanctions contemplated by the rules should be reserved for those occasions where the violation is flagrant, persistent or willful or otherwise aggravated. There are many alternatives available to the trial court in securing proper respect for and compliance with its orders; i.e., imposition of costs or attorney's fees or other demonstrable damages to the opposite party.
Normally, it is the policy of this court to leave discretionary matters in the capable hands of the circuit courts of this state. However, where  as in the present case  an overly severe sanction is ordered, it is our obligation to intercede.
The default judgment is vacated and the case remanded for further proceedings consistent herewith.
GRIMES, C.J., and SCHEB, J., concur.