364 So.2d 824 (1978)
MASONS CONCRETE OF CRYSTAL RIVER, INC., a Florida Corporation, Appellant,
v.
CORBIN WELL PUMP & SUPPLY, INC., a Florida Corporation, Appellee.
No. 78-1060.
District Court of Appeal of Florida, Second District.
November 17, 1978.
*825 Fred J. Krim of Savage, Krim, Simons & Fuller, Ocala, for appellant.
John F. Russell, Homosassa Springs, for appellee.
SCHEB, Judge.
Appellant/defendant Masons moved under Fla.R.Civ.P. 1.540(b) to set aside a default entered against it in a suit in equity filed by appellee/plaintiff Corbin. The default was imposed by the trial court as a sanction for Masons' failure to comply with one of the provisions of a pretrial order. The trial court denied relief and Masons appeals. We reverse.
In November 1977 Corbin filed suit to quiet title to certain real property in Citrus County. On March 15, 1978, after Masons filed its answer, the trial judge issued an order setting the cause for pretrial conference on May 1. Paragraph 2 of the order said:
Defendant shall have someone, with the authority to settle up to the amount of Plaintiff's last demand, available in the waiting room of the Circuit Judge's Chambers for consultation with their attorney immediately prior to and during the pre-trial conference, but shall not be present or participate at such conference. Plaintiff shall have someone with authority to settle down to the amount of Defendant's last offer, available in the waiting room of the Circuit Judge's Chambers for consultation with their attorney immediately prior to and during the pre-trial conference, but shall not be present or participate at such conference.
Paragraph 9 read:
That failure of any party or counsel to strictly adhere to this Order shall be grounds for this Court to dismiss the case or strike the pleadings or take such action as justice requires.
At the pretrial conference no representative on behalf of Masons was present to discuss settlement as required by Paragraph 2. However, Masons otherwise complied with the pretrial order.
On May 15 the trial court issued an order sua sponte striking Masons' answer and entering a default against it for failure to comply with the pretrial order. Masons moved to set aside the default, but the court refused to do so.
Preliminarily, we have some doubts as to whether a directive such as the one contained in Paragraph 2 of the pretrial order is appropriate in a suit in equity where, as here, no money damages are sought. But, even assuming arguendo that such a directive was proper in this case, failure to comply with it did not warrant a sanction as severe as the one imposed by the trial court.
As we have stated before, when a party fails to comply with a pretrial order "the sanction imposed must be commensurate with the offense." Travelers Insurance Co. v. Rodriquez, 357 So.2d 464, 465 (Fla. 2d DCA 1978). In Hart v. Weaver, 364 So.2d 524, at 525 (Fla.2d DCA 1978) we similarly said:
The imposition of the most severe sanctions contemplated by the rules should be reserved for those occasions where the violation is flagrant, persistent or willful or otherwise aggravated. There are many alternatives available to the trial court in securing proper respect for and compliance with its orders; i.e., imposition of costs or attorney's fees or other demonstrable damages to the opposite party.
*826 Applying this rationale to the instant case, we are constrained to hold that the trial court abused its discretion in striking Masons' answer and entering a default against it.
Counsel for Masons acknowledged at the hearing on its motion to set aside the default that he was aware of the directive contained in Paragraph 2. However, he argued (and we think quite plausibly) that he thought it unnecessary to have someone present at the pretrial conference to discuss settlement offers since there had been no negotiations between the parties. Though counsel may not have been completely justified in making this assumption, we cannot conclude that his behavior was of such a "flagrant, persistent or willful" nature as to have furnished a basis for the court to strike his client's answer and enter a default against it. This is especially true since there was no showing that Corbin was prejudiced in any way by Masons' failure to comply with Paragraph 2. As was said by our supreme court in Beasley v. Girten, 61 So.2d 179, 180-81 (Fla. 1952):
The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of the rule. Such refusal may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant. Dismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel.
See also Travelers Insurance Co. v. Rodriguez, supra, at 465.
Accordingly, the order refusing to set aside the default is reversed, and the cause is remanded for further proceedings consistent with this opinion.
GRIMES, C.J., and OTT, J., concur.