376 So.2d 899 (1979)
Michael Scott TURNER, Appellant,
v.
Charles B. ANDERSON et al., Appellees.
No. 79-1196.
District Court of Appeal of Florida, Second District.
November 7, 1979.
*900 S. Alan Stanley, of Turner, Hendrick, Guilford, Goldstein & McDonald, P.A., Coral Gables, for appellant.
Sidney Crawford, Lakeland, and Chris W. Alterbernd, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
HOBSON, Judge.
Pursuant to a motion for sanctions filed by appellees, the court entered a judgment of "involuntary dismissal without prejudice" and an order awarding attorney fees of $250 to appellees. Appellant Turner argues that the sanctions imposed below are too harsh under the circumstances of this case. We reverse the dismissal of appellant's cause and affirm the award of attorney fees.
Turner filed his initial complaint in April, 1978 against J.P. and Althas Satterwhite and their insurer. After the Satterwhites filed a motion for summary judgment, Turner filed an amended complaint adding Charles R. and Charles B. Anderson and their insurer as defendants. The Andersons noticed Turner's deposition for February 20, 1979 and in response, Turner filed a motion for protective order requesting protection from deposition on the ground that he was a member of the United States Air Force stationed in Colorado and had no leave time available in order to appear for deposition in Florida.[1] Turner further asked the court to continue the deposition and medical examination until his discharge in August, 1979. The court entered an order granting summary judgment for the Satterwhites and subsequently denied the motion for protective order. On March 12 Turner filed a notice for jury trial.
The Andersons rescheduled appellant's deposition for March 27; however, the day prior to the scheduled deposition, Turner filed a renewed motion for protective order. Arguments on this motion were not heard before the deposition and Turner failed to appear at the appointed time.
The Andersons moved to impose sanctions and the court entered an order removing *901 the case from trial docket, directing that Turner's deposition and medical examination take place on or before April 18, and deferring a ruling on the motion for sanctions.
On May 23, the court heard arguments on the motion for sanctions and determined that neither the deposition nor medical examination had taken place. At that time the court entered the involuntary dismissal and awarded appellees attorney fees.
Despite the language used in the judgment of dismissal, we construe the court's action as a sanction for noncompliance with a court order. It is within the discretion of the court below to impose sanctions in order to force compliance with court orders. Nevertheless, the severity of the sanction must be commensurate with the violation. See Hart v. Weaver, 364 So.2d 524, 525 (Fla. 2d DCA 1978). Appellant's failure to appear for depositions was neither wilful nor intentional and thus did not warrant the harsh penalty imposed. As a member of the armed forces he was not permitted to leave his post without the consent of his superior officers. The court was in receipt of two letters from appellant's commanding officers in Colorado stating that appellant had no leave time accrued and could not leave Colorado until discharge in August, 1979. Appellant at all times appeared willing to present himself for deposition after his discharge.
With regard to the issue of appellees' attorney fees, we note that Turner initiated the lawsuit and set the cause for trial. The Andersons were clearly entitled to depose him for discovery purposes and, in fact, did notice Turner for deposition twice. Although Turner's motions for protective order were denied and the Andersons appeared at the appointed times, Turner did not appear. The award of attorney fees was proper under these circumstances. Fla. R.C.P. 1.380(d).
AFFIRMED in part, REVERSED in part, and REMANDED.
DANAHY, J., concurs.
GRIMES, C.J., concurs specially.
GRIMES, Chief Judge, concurring specially.
From this vantage point it appears that the most expedient way for the court to have handled this problem would have been to simply take the case off the trial docket until the appellant could present himself for his deposition. However, the determination of whether or not to impose sanctions often involves intangibles and subtle distinctions. This is why a trial judge must be given substantial latitude to do what he believes to be necessary to efficiently operate his court and to protect its dignity. Therefore, I cannot say that the court abused its discretion in awarding attorney's fees to appellees because the record does reflect that at a time when appellant could not be present for his deposition, he was affirmatively seeking to have the case set for trial.
NOTES
[1] This statement was supported by letters from two of Turner's superior officers who stated that Turner would not be allowed to leave Colorado until August, 1979.