379 So.2d 682 (1980)
Donald W. STOWE, Petitioner,
v.
Margaret Elizabeth Williams SHULTS, As Personal Representative of the Estate of George D. Shults, Deceased, Respondent.
No. 79-1389.
District Court of Appeal of Florida, Second District.
February 1, 1980.
James E. Foster of Fishback, Davis, Dominick & Bennett, Orlando, for petitioner.
Stephen C. Chumbris of Harrison, Greene, Mann, Rowe, Stanton & Mastry, St. Petersburg, for respondent.
DANAHY, Judge.
Donald W. Stowe, defendant below, petitions for a writ of common law certiorari to review two orders of the trial court. One order denied the petitioner's motion for a protective order. The second order struck the petitioner's pleadings for failure to comply with an order compelling discovery. The motion for protective order was addressed to the sound discretion of the trial court and we find no abuse of that discretion on this record. Hence, there was no departure from the essential requirements of the law with respect to the disposition of that motion.
However, we do find the trial judge abused his discretion when he struck petitioner's pleadings. Such drastic action in this case constitutes a departure from the essential requirements of the law which requires us to quash that order. Petitioner had complied with other discovery orders to answer interrogatories and to respond to a request for admissions. He made a good faith argument that he was entitled to the requested protective order based on a tenable *683 point of law.[1] To strike his pleadings before he could seek review of the denial of his request for a protective order was not warranted. To assert a legal right cannot constitute grounds to strike the pleadings of a litigant.
Accordingly, we quash the order striking the petitioner's pleadings and reinstate them for further proceedings consistent with this opinion. Certiorari is otherwise denied.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] We are not presented with a case of flagrant or deliberate disregard of the court's authority, nor with a case where the court made a finding of willful refusal to comply with its order. See Turner v. Anderson, 376 So.2d 899 (Fla. 2d DCA 1979); Travelers Insurance Company v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970); Hurley v. Werly, 203 So.2d 530 (Fla. 2d DCA 1967).