383 So.2d 749 (1980)
Gina FERRANTE, Appellant,
v.
Jon E. WATERS and Charles McDade, Appellees.
No. 78-1264.
District Court of Appeal of Florida, Fourth District.
May 14, 1980.
*750 Robert P. Kelly of Pyszka, Kessler & Adams, Fort Lauderdale, for appellant.
Dale R. Sanders of Lyons & Sanders, Fort Lauderdale, and Kenneth R. Mikos of Friedrich, Kersten, Blackwell & Mikos, Fort Lauderdale, for appellees.
HURLEY, Judge.
This is an interlocutory appeal from an order striking appellant's pleadings and granting a default judgment on liability in favor of the appellees. We affirm.
Plaintiffs/appellees filed an action for damages as a result of personal injuries sustained in an automobile accident. The complaint alleged that appellant/defendant Ferrante authorized another person to use her leased automobile and was present in the vehicle at the time of the collision. Service of process was effected upon Ferrante, a New York resident, in accord with Sections 48.161 and 48.171, Florida Statutes (1977). Thereafter, she filed an answer wherein she denied authorizing or consenting to the use of her vehicle at the time of the collision.
Interrogatories were sent to Ferrante's attorney on November 8, 1977. Defense counsel responded by filing an objection to certain interrogatories which in turn resulted in plaintiffs' filing a motion to compel. While these motions were pending, Ferrante filed a motion for protective order to require that her deposition be set in New York and a motion for extension of time to respond to discovery. On January 10, 1978, the trial court entered an omnibus order which among other things, granted Ferrante's motion for protective order and her motion for extension. The court also granted plaintiffs' motion to compel and directed that interrogatories be answered within fifteen days.
Ferrante failed to respond in any fashion and so, on January 27, 1978, plaintiffs filed a motion for sanctions. Defense counsel filed an affidavit in opposition. He stated that he had mailed the interrogatories to his client at her last known address in New York and thereafter had written letters encouraging her to comply with the court's order by preparing rough-draft responses. None of this correspondence was returned, but two subsequent certified letters were returned "unclaimed". The record does not reflect when the trial court heard plaintiffs' motion for sanctions, but it is unrefuted that Ferrante failed to comply and so, on May 8, 1979, the trial judge entered an order striking Ferrante's pleadings and entering a default against her on the issue of liability.
Rule 1.380(b)(2)(C) Fla.R.Civ.P., authorizes a court to strike pleadings and/or enter a default for noncompliance with an order compelling discovery. The proper application of the rule, however, is dependent upon several interrelated principles. The first stems from the recognition that such measures are the most severe of all possible sanctions and therefore should be employed only in extreme circumstances. Hart v. Weaver, 364 So.2d 524 (Fla.2d DCA 1978). Put another way, the severity of the sanction must be commensurate with the violation. Travelers Ins. Co. v. Rodriquez, *751 357 So.2d 464 (Fla.2nd DCA 1978). While each case must be evaluated on its own facts, the courts have developed broad characterizations of the type of conduct which will justify such sanctions. Hart v. Weaver, supra, speaks of violations which are "flagrant, persistent or willful or otherwise aggravated." "[A] deliberate and contumacious disregard of the court's authority," is the standard set forth in Swindle v. Reid, 242 So.2d 751 (Fla.4th DCA 1970), and Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla.4th DCA 1971), lists "bad faith," "willful disregard of or with gross indifference to an order of the court," or conduct which evinces "deliberate callousness".
All of the foregoing must be considered in conjunction with the general principle that the decision to impose sanctions, and the severity thereof, are matters within the sound discretion of the trial court. Turner v. Anderson, 376 So.2d 899 (Fla.2nd DCA 1979); W.G.C., Inc. v. The Man Co., 360 So.2d 1152 (Fla.3rd DCA 1978). The exercise of this discretion will not be disturbed absent a clear showing of abuse. Hart v. Weaver, supra.
The record in the case at hand portrays a six month lapse (November 7, 1977  May 8, 1978) during which the defendant Ferrante totally failed to comply with the court's order compelling discovery. Irrespective of whether her failure came as the result of a deliberate decision to disregard the court's order, or simply from a negligent abandonment of the lawsuit in which she had been served and had filed answer, we are of the opinion that such conduct falls squarely within the above-cited case authorities and amply justifies the action of the trial court. See E.Z.E., Inc. v. Little River Bank & Trust Co., 300 So.2d 43 (Fla.4th DCA 1974) and Herold v. Computer Components International, Inc., supra. Accordingly, the order appealed is
AFFIRMED.
DOWNEY, J., concurs.
LETTS, C.J., concurring specially with opinion.
LETTS, Chief Judge, concurring specially:
I agree with the opinion as written, but find it worthwhile to emphasize what constitutes the "deliberate and contumacious disregard of the Court's authority," the "bad faith," the "wilful disregard" of the Court's order and the "deliberate callousness."
The facts reported by Judge Hurley accurately reflect that it is conceivable that the wayward defendant never received the unanswered correspondence or the interrogatories. Even if she did not, her conduct is still a deliberate and contumacious or wilful disregard of the Court's order. The defendant was served, filed an answer, moved for protective orders and so forth. She was properly before the court and this being so, she cannot execute an unexplained disappearing trick for six months and expect to get away with it. Those properly before a court have an affirmative duty to litigate or face the consequences for gross indifference.