385 So.2d 112 (1980)
Gerald M. SANTUOSO, Appellant,
v.
McGRATH & ASSOCIATES, INC. and Gail Marie Fournier, Appellees.
No. 80-370.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Goodwin, Ryskamp, Welcher, Carrier & Donoff and Kenneth Ryskamp, Miami, for appellant.
Sams, Gerstein & Ward and Richard S. Rachlin, Miami, for appellees.
Before SCHWARTZ, NESBITT and PEARSON, DANIEL, JJ.
PER CURIAM.
Santuoso, defendant below, brings this interlocutory appeal to challenge a default *113 entered against him in the trial court. The default was entered as a result of the defendant's disobedience to the trial court's order to resubmit to a deposition. We find error and reverse.
Appellee, McGrath, by way of an amended complaint served July 24, 1979, sued Santuoso and co-appellee, Gail Marie Fournier, seeking to impose a constructive trust against them for conversion of funds allegedly the property of McGrath. Santuoso submitted to the taking of his deposition. However, his refusal to answer certain questions resulted in those questions being certified. On November 5, 1979, Santuoso and Fournier filed their answer to the amended complaint. Santuoso sought and obtained a protective order against the further taking of his deposition until a court-appointed psychiatrist evaluated co-defendant Fournier. In response, McGrath filed a motion to vacate that order along with a motion to compel Santuoso to resubmit to deposition. Prior to the hearing thereon, the attorney of record for Santuoso and Fournier filed a motion to withdraw. On December 19, 1979, the motions were heard and an order was entered which: (1) allowed the attorney of record for Santuoso and Fournier to withdraw; (2) required defendants to retain counsel of record not later than January 8, 1980; and (3) required Santuoso to resubmit to the taking of his deposition on January 10, 1980. Santuoso's former counsel of record was required to and did furnish Santuoso and Fournier with a copy of the order as required therein. Upon Santuoso's failure to resubmit to deposition scheduled for January 10, 1980, McGrath applied to the trial court for the entry of a default. A copy of that application and notice of hearing was furnished to Santuoso on January 12, 1980. On January 18, 1980, a hearing was held on the application for default at which time Santuoso's former attorney of record appeared and, ore tenus, moved for leave to be reinstated as Santuoso's attorney. The motion was denied and the application for default was granted determining liability in favor of McGrath and against Santuoso and Fournier. On February 20, 1980, the former attorney of record for Santuoso filed an affidavit in the trial court which is relied upon in this appeal to demonstrate that Santuoso did not receive notice to resubmit to deposition. In reaching our result in the determination of this appeal, we have not considered this affidavit because it is not properly part of the record on appeal.
By resort to the record, we are persuaded that Santuoso had notice that he was to resubmit himself for deposition, both to answer the questions which had been certified as well as for the purpose of further discovery. Nonetheless, we conclude from consideration of the record that the sanction imposed against Santuoso, in effect determining liability in favor of the plaintiff, was too drastic.
Even in a situation where notice is given to the defendant for the purpose of imposing sanctions, the record must be clear that such a severe sanction is authorized. Owens-Illinois, Inc. v. Lewis, 260 So.2d 221, 226 (Fla.1st DCA 1972). Florida Rule of Civil Procedure 1.380 contains a variety of sanctions for failure to make discovery but the striking of pleadings, entry of default, and dismissal of an action are the most drastic among them and ordinarily will not be resorted to for the purpose of punishing or penalizing a party. Leatherby Insurance Company v. Jones, 332 So.2d 139 (Fla.3d DCA 1976); Hurley v. Werly, 203 So.2d 530 (Fla.2d DCA 1967). The severity of a sanction must be commensurate with the violation, Turner v. Anderson, 376 So.2d 899 (Fla.2d DCA 1979) and should be imposed upon a defendant only in extreme situations for flagrant or aggravated cases of disobedience. Travelers Insurance Company v. Rodriguez, 357 So.2d 464 (Fla.2d DCA 1978); Goldstein v. Goldstein, 284 So.2d 225 (Fla.3d DCA 1973). The visitation of such an ultimate sanction should not be imposed for failure to timely comply with a discovery order especially where failure to comply does not operate to prejudice the opposing party in any substantial manner. Beaver Crane Service, Inc. v. National Surety Corporation, 373 So.2d 88 (Fla.3d *114 DCA 1979); Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc., 364 So.2d 824, (Fla.2d DCA 1978), cert. denied 373 So.2d 457 (Fla. 1979).
In this case, Santuoso had submitted to deposition. The motion to compel answers to certified questions and further discovery was granted at a time when Santuoso's attorney was permitted to withdraw. The case has not been set for trial. Santuoso's disobedience is attenuated by the fact that his former attorney of record attempted to be reinstated on his behalf at the time the default was entered. The order entering the default against the defendants did not recite that Santuoso's failure to submit to discovery was willful. Ramos v. Sanchez, 375 So.2d 51 (Fla.2d DCA 1979).
Under the circumstances presented, we hold the sanction consisting of the entry of default as to liability against Santuoso was excessive and amounted to an abuse of discretion.
The order appealed from is reversed. This reversal shall not operate to deprive the trial court of authority to proceed, after remand, to impose upon the defendant Santuoso some authorized lesser sanction which, in the opinion of the court, is just and proper under the circumstances.
Reversed and remanded.