DANIEL S. PEARSON, Judge,
specially concurring.
The Circuit Court, sitting in its appellate capacity, dismissed Wynelle Sebree’s pro se appeal in response to a motion which said that Sebree’s brief (a) was “nothing more than a reiteration of factual issues” decided at trial, (b) did not contain specific citations *802 of authorities relied upon, and (c) was spurious. The majority now vacates this order of dismissal on the technical ground that Sebree did not receive sufficient time to respond to the motion to dismiss and should now be given the opportunity to do so. While I agree that the order of dismissal must be vacated, I would vacate it on additional grounds.
Dismissal for failure to comply with appellate rules is, admittedly, a sanction available to the court. See Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 19,78). The severity of the sanction employed should, however, be commensurate with the violation. Turner v. Anderson, 376 So.2d 899 (Fla. 3d DCA 1979).
Florida Rule of Appellate Procedure 9.040(d) provides:
“At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.”
It is apparent that the intent of the rule is that appeals be decided on their merits. Cf. Gregory v. Gregory, 289 So.2d 468 (Fla. 2d DCA 1974) (holding that in order for the case to be decided on other than procedural grounds, the court would sua sponte order the appendix supplemented). A fortiori, when a party is proceeding without the aid of counsel, procedural niceties are to be relaxed. Cf. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that in determining whether to dismiss a pro se complaint, the court should apply a less stringent standard than that applied to pleadings filed by lawyers). The extreme sanction of dismissing a pro se appeal for failure of the brief to comply with technical requirements should be reserved for cases of flagrant noncompliance. See Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980); Travelers Insurance Company v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); Goldstein v. Goldstein, 284 So.2d 225 (Fla. 3d DCA 1973). This is not such a case. I would vacate the dismissal with directions that the Circuit Court afford Sebree an opportunity to file another brief in accordance with the applicable rules.