410 So.2d 931 (1981)
Leonard J. MERCER, Jr., General Partner D/B/a Galt Ocean Mile Hotel Association, Ltd., a Pennsylvania Limited Partnership, Appellant,
v.
J.D. RAINE, Sr., Trustee, and Alladin Manavi, Appellees.
No. 80-400.
District Court of Appeal of Florida, Fourth District.
June 17, 1981.
Rehearing Denied April 2, 1982.
Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellant.
Douglas K. Silvis of English, McCaughan & O'Bryan, Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal from an order resulting from a discovery violation. The trial court struck the defendant's answer and entered default judgment against defendant on liability. The court simultaneously granted defendant's lawyer leave to withdraw from the case. This situation occurred at a hearing scheduled on defense counsel's motion to withdraw and plaintiffs' motion to impose sanctions for discovery violations. The court considered the motions simultaneously and granted both motions in the absence of the defendant. The decision to impose sanctions for a discovery violation and the severity thereof are matters within the discretion of the trial judge. Absent clear abuse these discretionary acts will not be reversed on appeal. Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980). We conclude that appellant has failed to make such a demonstration in this case and the order below is thus affirmed.
Affirmed.
LETTS, C.J., and BERANEK, J., concur.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
There is no question but that sanctions were necessary in this case. Nevertheless, I believe that the multiple sanctions imposed were so unnecessarily severe as to constitute an abuse of discretion. Consequently, I respectfully dissent.
The trial court entered an order on November 27, 1979, which was rendered on November 28, 1979, and which required the defendant to produce documents and to answer interrogatories within twenty days (December 18, 1979). Defendant failed to comply. On January 11, 1980, defense counsel moved to withdraw, citing a disagreement as to fees and other conduct which made it difficult for counsel to properly represent his client. A few days later, plaintiffs filed a motion for sanctions; both motions were heard on February 7, 1980.
The trial court granted plaintiffs' motion and imposed the following sanctions: (1) defendant's answer was stricken; (2) a default *932 judgment was entered against the defendant on liability; and (3) defendant was ordered to pay plaintiffs' costs and fees occasioned by defendant's refusal to comply with the court's order of November 27th.
Given the posture of the case, I must acknowledge "the general principle that the decision to impose sanctions and the severity thereof, are matters within the sound discretion of the trial court. The exercise of this discretion will not be disturbed absent a clear showing of abuse." Ferrante v. Waters, 383 So.2d 749, 751 (Fla. 4th DCA 1980) (citations omitted). Nonetheless, I view the striking of defendant's answer and entry of a default judgment on liability as so unnecessarily severe as to constitute an abuse of discretion.
I believe this case is governed by Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980) wherein the court held:
Even in a situation where notice is given to the defendant for the purpose of imposing sanctions, the record must be clear that such a severe sanction is authorized. Florida Rule of Civil Procedure 1.380 contains a variety of sanctions for failure to make discovery but the striking of pleadings, entry of default, and dismissal of an action are the most drastic among them and ordinarily will not be resorted to for the purpose of punishing or penalizing a party. The severity of a sanction must be commensurate with the violation, and should be imposed upon a defendant only in extreme situations for flagrant or aggravated cases of disobedience. The visitation of such an ultimate sanction should not be imposed for failure to timely comply with a discovery order especially where failure to comply does not operate to prejudice the opposing party in any substantial manner. Id. at 113. (Citations omitted.)
Obviously, each case must be evaluated individually to determine whether a violation is so flagrant or aggravated to justify the imposition of drastic sanctions. Absent extreme situations, an overdue party should be given a lesser sanction and/or afforded a reasonable opportunity to comply before the court resorts to ultimate sanctions. For example, in the case at bar, the February 7th hearing was the first time the defendant was brought before the court for the imposition of sanctions. At that point he was 51 days beyond the December 18th due date. But, rather than limit the sanction to reimbursement of plaintiffs' costs and fees, the court added the additional sanctions of striking defendant's answer and entering a default on liability. This was overkill. The case is further colored by the fact that prior to the expiration of the discovery deadline, defendant and his counsel became embroiled in a controversy over fees. Certainly, such difficulties do not excuse defendant's failure to adhere to the December 18th deadline, but it is a factor which should have been considered in determining the appropriate sanction to encourage compliance with the court's order. It is also worthy of note that on February 13, 1980, six days after the imposition of sanctions, defendant, then represented by new counsel, fully complied with the discovery order.
Taking all of the above factors into account, I do not believe this case presents a situation of flagrant, persistent, and aggravated disobedience sufficient to justify the striking of defendant's answer and entering a default. Thus, I respectfully dissent.