ERVIN, Judge.
In this consolidated appeal, Davis has filed both interlocutory and final notices of appeal and contends that the lower court abused its discretion in dismissing his action as a sanction for his failure to attend a deposition. We agree and reverse and remand.
Although the order does not state whether the dismissal was “with prejudice”, we shall construe the order as a final judgment of dismissal. See Peaslee v. Michalski, 167 So.2d 242 (Fla.2d DCA 1964). And, while it could be colorably argued that the dismissal here is analogous to a dismissal for failure to prosecute, which is a non-final, appealable order, absent language that the dismissal is with prejudice, we would yet have jurisdiction under Florida Rule of Appellate Procedure 9.130. See Florida East Coast Railway v. Southern Sanitation Service, 370 So.2d 1200 (Fla. 4th DCA 1979). See also committee notes to Rule 9.130.
On the merits of this appeal, we agree the trial court abused its discretion in imposing the ultimate sanction of dismissal in the absence of a record foundation showing that the appellant’s failure to appear at the deposition was either willful or in bad faith. See Walker v. Senn, 340 So.2d 975 (Fla. lst DCA 1976); Turner v. Anderson, 376 So.2d 899 (Fla.2d DCA 1979); Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla.3d DCA 1980); Stowe v. Shults, 379 So.2d 682 (Fla.2d DCA 1980); Alexander v. Alterman Transport Lines, Inc., 387 So.2d 422 (Fla. 1st DCA 1980); Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980).
Reversed and remanded with directions that the cause be reinstated.
MILLS and LARRY G. SMITH, JJ., concur.