GLICKSTEIN, Judge.
This is the second appearance of this ease arising out of the same fact pattern; namely, the decision of the trial court to require an additional bond of $5,000 of appellant. We earlier dismissed by order an appeal by the same party, in which it contended that the trial court erred in requiring the bond. The issue now is whether the trial court erred in striking the defendant/appellant’s pleadings because of its failure to post the same bond. We affirm.
The only relevant transcript presented to us is three pages of dialogue between the trial judge and the attorneys on November 1, 1984, at the hearing upon appellee’s motion for contempt and sanctions, wherein the plaintiff/appellee asserted that appellant had violated a number of the court’s orders requiring such bond. The record reflects a number of previous attempts by appellee to have appellant’s pleadings stricken and a series of motions by appellant, usually tardily filed, to set aside and/or delay the effectiveness of the trial court’s decision to require the additional bond.
Ultimately, appellant wore through the trial court’s patience by its failure to post the bond; and on November 1, 1984, the trial court granted appellee’s motion, which precipitated yet another motion for relief by appellant. That, too, was denied. There is nothing in the form of any proof whatsoever to establish appellant’s inability to post the bond. At the November 2, 1984, hearing, appellant’s counsel voiced a request for an evidentiary hearing. The record reflects nothing more of an effort to prove any allegations of inability, its burden clearly being to plead and prove same. See In the Interest of S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
Appellant contends, among other things not raised before the trial court and not considered by us, that Florida Rules of Civil Procedure do not provide for such a sanction as imposed here for its failure to post the additional bond. The civil rules are not, however, the sole source of sanctions authority. Section 38.23, Florida Statutes (1983), permits sanctions such as were imposed here where a party has been found to be in willful contempt of court. The trial court’s view of this case on November 1, 1984, must be perceived in light of all that it had observed theretofore. Months before, on August 27, 1984, the trial court found in its order of said date:
[Tjhat Defendant SANDUCCO violated this Court’s Order dated July 5, 1984, by failing either to post the additional $5,000.00 bond or to obtain relief from that Order prior to the date the additional bond was required to be posted (i.e, August 1, 1984); the Court further finds that the continual delay in this case can be laid at the door of Defendant SAN-DUCCO, and that additional attorney’s fees have been accrued by Plaintiff thereby, which is one of the bases for the increase in the bond; Defendant’s attempt to thwart the will of this Court is found to be deliberate and thereby deserving of sanctions_
It then said:
1. Defendant SANDUCCO will deposit in the Registry of the Court the addi *642 tional $5,000.00 or post with the Clerk of the Court the additional $5,000.00 bond, within 20 days of the date of this Order;
2. If the additional funds have not been deposited in the Registry of the Court, or in the alternative, the additional bond has not been posted with the Clerk of the Court, on or before twenty (20) DAYS PROM THE DATE OF THIS Order, Defendant SANDUCCO’s Answer and Affirmative Defenses may be stricken, and a default entered against Defendant SANDUCCO, on motion by Plaintiff.
We feel the trial court in the above quoted order found Sanducco in willful contempt, and was not required to repeat, verbally or otherwise, on November 1, 1984, what the still delinquent appellant had already been told on August 27, 1984. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980).
LETTS and DELL, JJ., concur.