GUNTHER, Judge.
We reverse. Donald Coppola’s counsel failed to meet with opposing counsel to draw a pre-trial statement as ordered by the trial court. As a result, the trial court sanctioned Coppola by striking his pleadings and entering a default against him. In our view, the sanction imposed, in light of the facts of this case, was too harsh a penalty for a first infraction. See Beasley v. Girten, 61 So.2d 179 (Fla.1952).
Within one day of learning he had been sanctioned, Coppola hired a new lawyer and immediately filed a sworn motion for reconsideration which was uncontroverted by the plaintiff. Under oath, Coppola’s new attorney offered to fully comply with all pre-trial procedures, and to try the case as scheduled or continue the matter if the plaintiff preferred. The only possible prejudice to plaintiff indicated by the record was a short delay in trying the eight-month-old case. Furthermore, there is no evidence that what Coppola did or did not do was in willful disobedience of a court order.
Therefore, we conclude that the trial judge abused his discretion in sanctioning Coppola by striking his pleadings and entering a default against him. Accordingly, the judgment is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.