POLEN, Judge,
concurring specially.
I agree with the majority’s per curiam affirmance of the trial court’s dismissal with prejudice of appellant’s claim as a sanction for appellant’s repeated discovery violations. This court stated in Mercer v. Raine, 410 So.2d 931 (Fla. 4th DCA 1981), aff'd, 443 So.2d 944 (1983), that “[t]he decision to impose sanctions for a discovery violation and the severity thereof are matters within the discretion of the trial judge. Absent clear abuse these discretionary acts will not be reversed on appeal.” Id. at 931.
Here the trial court had ordered appellant to produce documents appellee sought in discovery. Appellant’s responses (paraphrased) varied, at different times, from “I don’t have them” to “I can’t find them” to “it would cost too much time and money to look for them.” The trial court, after affording appellant more than enough time and opportunity to comply with the discovery order, made the requisite finding “that Buatta continues to be in willful disregard of this Court’s discovery orders.” [1] I concur that appellant has failed to show the trial court abused its discretion in dismissing appellant’s complaint with prejudice.

. Order Striking Pleadings, December 2, 1991.