GUNTHER, Judge.
In Case No. 93-1051, Appellant, Cushman & Wakefield of Florida, Inc. (Cushman), plaintiff below, appeals the trial court’s order involuntarily dismissing the case and the trial court’s order denying plaintiffs motion for rehearing. Because the facts show that Appellant’s actions constituted inadvertence as opposed to willful disregard for the court’s authority, we reverse.
The trial court had issued an order setting the cause for jury trial and had directed uniform pretrial procedures, one of which required the mandatory filing of pretrial stipulations 10 days prior to calendar call. The order stated that material noncompliance with the order may result in the imposition of sanctions, the striking of pleadings or other such action as justice requires. Subsequently, the joint pretrial stipulation was prepared by counsel. Counsel for Cushman agreed to deliver the stipulation to the clerk’s office for filing, but inadvertently failed to do so.
The trial court, sua sponte, entered an order involuntarily dismissing the case for failure of the parties to timely file a joint pretrial stipulation as ordered by the court. In response, Appellee, Hughes, filed a motion for rehearing, explaining that both counsel had entered into a proper joint pretrial stipulation and that Cushman’s counsel had inadvertently failed to file the pretrial stipulation. The trial court, however, denied Hughes’ motion for rehearing.
We have held that where non-compliance with court-ordered pretrial procedures is not willful disobedience, the sanction of dismissal is too harsh a penalty for a first infraction. Coppola v. McNab, 540 So.2d 242, 243 (Fla. 4th DCA 1989). In addition, where inadvertent failure to file court-ordered pretrial statement did not result in prejudice, the severe sanction of default judgment is not warranted. Travelers Ins. Co. v. Rodriguez, 357 So.2d 464, 465 (Fla. 2d DCA 1978).
In the instant case, it is undisputed that Cushman’s counsel’s failure to file the joint pretrial stipulation was inadvertent. Thus, we conclude that counsel’s non-compliance with the trial court’s order did not rise to the level of willful disobedience. Nor did the oversight by counsel prejudice either party. Accordingly, we conclude that the trial court abused its discretion in imposing the severe sanction of dismissal.
In the consolidated case, Hughes v. Cushman, No. 93-1703, Appellant Hughes, defendant below, appeals the denial of his motion to recover attorney’s fees and costs pursuant to section 768.79, Florida Statutes (1991). Section 768.79 provides that attorney’s fees and costs may be awarded to an offering party when the judgment is one of no liability or the judgment obtained is at least 25 percent less than the amount offered. Appellant Hughes argues that the dismissal in this case is tantamount to a finding of no liability and that he is therefore entitled to recover attorney’s fees and costs as the offering party. Because we are reversing the dismissal and remanding the case for further proceedings, Appellant Hughes’ argument fails. As such, it is premature at this time to address Appellant’s contention that he is entitled to attorney’s fees and costs pursuant to section 768.79, Florida Statutes (1991).
Therefore, in holding that the trial court abused its discretion in imposing the sanction of dismissal, we reverse.
REVERSED and REMANDED.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.