KLEIN, J.
Plaintiff appeals an order dismissing his case because he filed a unilateral pretrial statement, after defendants refused to agree to his proffered joint pretrial statement. Although the dismissal order stated it was without prejudice, the statute of limitations had run. We reverse.
At a case management conference requested by defendants, in which they alleged that plaintiffs counsel was not cooperating on a joint pretrial order, defense counsel advised the court that he objected to the joint stipulation he received from plaintiffs counsel because it was not concise and impartial. Plaintiffs counsel replied that defense counsel had not timely responded to his proposed joint pretrial stipulation, and he filed the unilateral statement as a precaution, in case they could not ultimately agree. The following colloquy then ensued:
THE COURT: How come you have not joined in a joint pretrial stipulation?
[[Image here]]
MR. SPOLTER (plaintiffs counsel): Because until the deadline Mr. Zemel [defendant’s counsel] never responded to our proposed pretrial stipulation.
[[Image here]]
THE COURT: What has that got to do with no joint pretrial stipulation?
MR. SPOLTER: Because, Your Honor, I can’t do a pretrial joint stipulation when the defendant never responds to my proposed joint pretrial stipulation ....
THE COURT: Have you ever, ever read my pretrial order form?
MR. SPOLTER: Yes, I did, ... plaintiffs case can be stricken.
THE COURT: I’m going to do that. It’s dismissed without prejudice.
MR. SPOLTER: Your Honor—
THE COURT: Have a nice day, gentlemen.
When the court was advised by both sides that the dismissal would require a finding of wilfulness, the court replied that they were wrong, that wilfulness was not necessary.
Defendants concede that the order must be reversed because the trial court made no findings that the failure to comply with the pretrial order was wilful, but contend that we should remand for the trial court to make the findings which would warrant dismissal. Under the facts in this case, in which the initial proposed joint stipulation was rejected by defense counsel, and nothing significant occurred thereafter, the failure to file the joint stipulation could not have been wilful. We therefore reverse. Cushman & Wakefield, Inc. v. Hughes, 645 So.2d 1091 (Fla. 4th DCA 1994) (where failure to file pretrial stipulation is not wilful disobedience of a court order, dismissal is an abuse of discretion).
STONE and TAYLOR, JJ., concur.