DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ECLECTIC SYNERGY, LLC,** f/k/a **GARAGE SALE SHOP, LLC,**
Appellant,

v.

**ALEXANDER SEREDIN** and **MONA SEREDIN,**
Appellees.

No. 4D21-1701

[September 7, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gerald Joseph Curley, Judge; L.T. Case No. 502014CA013268.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellant.

Anthony D. Brown and Jeff M. Brown of Lavalle, Brown, Ronan & Schwencke, P.A., Boca Raton, and R. Bowen Gillespie of Gillespie & Allison, P.A., Fort Lauderdale, for appellees.

KLINGENSMITH, C.J.

Eclectic Synergy, LLC ("Buyer"), appeals the trial court's final judgment granting Alexander and Mona Seredin's ("Sellers") renewed motion for default arising from a dispute over a lease and option for sale of real property. For the reasons explained below, we reverse the trial court's final order and remand for further proceedings.

The lease agreement executed by the parties contained the purchase option that Buyers timely exercised. Sellers ultimately failed to honor the option, and Buyer filed a complaint asserting counts of specific performance and breach of contract. Following a non-jury trial, the court issued an interim order awarding specific performance of the purchase option to Buyer and ordered that Buyer prepare a FAR-BAR contract and deliver it to Sellers within forty-five days, noting that "[f]ailure to timely pay or failure to timely proceed shall constitute default entitling [Sellers] to terminate this contract." The court also retained jurisdiction to enter later orders relating to the case as necessary and appropriate.

Negotiations over the sale agreement's terms became prolonged and contentious. Initially, Sellers responded with a contract containing handwritten comments based on disputed terms, and Buyer responded with a revised contract addressing Sellers' issues. However, Sellers then informed Buyer that they believed Buyer had not complied with the court's timeline in its interim order and that they were moving for default. The trial court held a hearing on that motion and ordered both performance of the Buyer's revised contract and closing to occur in approximately ninety days. The court's written order noted that the Buyer's insistence on negotiating additional terms in the contract that had caused delay. The order also specified that "failure to close will result in an evidentiary hearing on [Sellers'] request for default/damages" and ordered Sellers to expeditiously proceed to the closing.

In accord with the trial court's order, Sellers sent a proposed note and mortgage to Buyer three days before the court ordered closing date. Buyer responded that several disputes were remaining and requested the trial court to extend the closing time. At the hearing on that request, Buyer said it needed more time to review Sellers' proposed note and mortgage because it received the proposed documents so close to the court's deadline. Sellers argued that Buyer was continuing to delay the closing and that some of Buyer's proposed terms were unreasonable. The court then imposed a new deadline but announced that it would later rule on Sellers' motion for default if that deadline was not met.

For the next four months, the parties continued their back-and-forth over the terms of the sale documents but were never able to agree on a final version of the note and mortgage. Sellers then filed yet another motion for default, claiming that Buyer failed to provide a commercially reasonable sales contract and citing the numerous delays allegedly caused by Buyer. In response, Buyer blamed the delay on Sellers, claiming they were responsible for the parties' failure to timely close. The trial court held two hearings on the matter where both parties presented witnesses. After hearing testimony and argument of counsel, the trial court found Buyer's proposed terms to be "unreasonable and not customary in commercial transactions" and entered a final order in favor of Sellers. Buyer now appeals.

"We review and interpret a contract under the de novo standard of review." *Choate v. RySurg, LLC*, 330 So. 3d 936, 940 (Fla. 4th DCA 2021); *see also McPhee v. The Paul Revere Life Ins. Co.*, 883 So. 2d 364, 367 (Fla. 4th DCA 2004) ("The interpretation of a contract is a question of law to be decided by a court."). However, "[t]he issue of whether an alleged breach is vital or material is reviewed as a question of fact." *Covelli Family, L.P. v.*

*ABG5, L.L.C.*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008).  A trial court's factual findings must be supported by competent, substantial evidence. *Sun Harbor Homeowners' Ass'n, Inc. v. Bonura*, 95 So. 3d 262, 268 (Fla. 4th DCA 2012).

Here, the trial court found that Buyer materially breached the contract by imposing commercially unreasonable conditions and revisions to the mortgage and note.  However, to rise to a material breach, a party's conduct must "go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part."  *JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co.*, 292 So. 3d 500, 509 (Fla. 2d DCA 2020) (quoting *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)).

"When focusing on the breach of the contract, not every breach permits the nonbreaching party to cease performance.  Instead, the failure to perform the contractual obligation must be central to the contract or, in other words, material."  *JF & LN*, 292 So. 3d at 509.  Further, "trivial noncompliance and minor failings do not constitute material breaches." *Burlington & Rockenbach, P.A. v. Law Offices of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. 5th DCA 2015) (citing *Covelli*, 977 So. 2d at 752).

Here, the trial court erred in granting Sellers' request to terminate Buyer's right to specific performance.  Buyer's proposal of unreasonable terms was not, in and of itself, a material breach of the agreement.  *See JF & LN*, 292 So. 3d at 509.  Since the court's original interim order, the central issue to this litigation was the parties' inability to agree on the terms and conditions of the sales documents—including the note and mortgage—and to close on the property.

In effect, the court's order resulted in the termination of Buyer's option to purchase the property *simply for proposing* additional terms to contractual documents.  The proposal of such terms did not sufficiently injure Sellers in any regard except for prolonging the litigation and sale. *See JF & LN*, 292 So. 3d at 509.  Yet, the court did not base its order on delay or make any reference to a material breach of the agreement, or any violation of the order, such that Buyer's proposed terms neither held up the signing of the mortgage and note nor the closing of the sale.  *See Burlington & Rockenbach*, 160 So. 3d at 960 ("We do not believe that [appellant] materially breached the agreement by advancing an interpretation that differed from [appellee's] interpretation, and we certainly do not believe [appellant] materially breached the agreement by advancing an interpretation that we ultimately agreed with.").

3

Even if it could be said that the court imposed its order as a sanction for causing unreasonable delay or a violation of court orders, it nevertheless would be excessive. "[D]ismissal is a drastic remedy which courts should employ only in extreme situations and only when the violation requires such a sanction." *Michalak v. Ryder Truck Rental, Inc.*, 923 So. 2d 1277, 1280 (Fla. 4th DCA 2006); *see also Hart v. Weaver*, 364 So. 2d 524, 525 (Fla. 2d DCA 1978) (severe sanctions "should be reserved for those occasions where the violation is flagrant, persistent or willful or otherwise aggravated"); *Swindle v. Reid*, 242 So. 2d 751, 753 (Fla. 4th DCA 1970) (dismissal with prejudice should be invoked only where there is a "deliberate and contumacious disregard of the court's authority"); *Herold v. Comput. Components Int'l, Inc.*, 252 So. 2d 576, 579 (Fla. 4th DCA 1971) (dismissal as a sanction "should be imposed only" where a violation has been committed with a "willful disregard of or gross indifference to an order of the court").

Therefore, we reverse the court's final order against Buyer and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

WARNER and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

4