289 So.2d 468 (1974)
Mary Elizabeth GREGORY, Appellant,
v.
William A. GREGORY, Jr., Appellee.
No. 73-746.
District Court of Appeal of Florida, Second District.
February 6, 1974.
George W. Phillips, Tampa, for appellant.
David A. Maney of Gordon & Maney, Tampa, for appellee.

ORDER GRANTING LEAVE TO FILE SUPPLEMENTAL APPENDIX
SCHWARTZ, ALAN R., Associate Judge.
In this interlocutory appeal from a post-final judgment order, the appellant-wife claims error in the action of the trial judge, taken after extensive evidentiary hearings, in changing the permanent custody of the thirteen-year-old son of the parties, from the wife, as provided in a stipulation-property settlement agreement and the final judgment of dissolution entered 17 months before, to the husband. Our consideration of the merits of the interlocutory appeal is stymied, indeed precluded at this stage of the proceeding, by the fact that the appendices of the parties, which form the only real "record" before us under Fla.App. Rule 4.2, subd. d, 32 F.S.A., do not contain the entire contents of the hearings upon which the Chancellor based his decision.
In this posture of the case, we could, as have so many prior decisions, merely indulge the "presumption of correctness," *469 conclusively presume that the order on interlocutory appeal is supported by those portions of the testimony which are not before us, at least figuratively inform the appellant that the inadvertence of her counsel has negated her right to appellate review, and affirm the order below. We decline to take this course.
The cases which apply these principles and affirm orders or judgments below because of insufficient records must number in the hundreds. In many instances, e.g., Curtiss-Wright Corp. v. King, Fla.App. 1968, 207 So.2d 294; Maine Ins. Co. v. Raser, Fla.App. 1970, 240 So.2d 163; Reichek v. Fla. Bond & Mortgage Co., Fla. App. 1970, 237 So.2d 83, cert. denied, Fla. 1970, 240 So.2d 644, it would seem that any arguable obstacle to a consideration of the case on its merits caused by the non-existence of documents or portions of transcripts in the appellate record could have been overcome by a simple order, or even a telephone call to the lower court clerk or to counsel. Fla.App. Rule 3.6, subd. l specifically permits this to be done. It provides, in part,
"If anything is omitted from the record-on-appeal by error or accident, the parties by stipulation, or the lower court, either before or after the record is transmitted to the Court, or the Court on a proper suggestion or on its own initiative, may direct that the omission be corrected."

The failure of the courts to adopt such a procedure has led to an unfortunate but wide-spread belief that appellate courts "do not like" and "will do anything to avoid" deciding cases on their merits; as well as to the well-justified belief that appellate practice  and particularly the designation of the contents of the record on full appeal and the preparation of appendices on interlocutory appeal  is the last remaining aspect of litigation in which technicality may be supreme and in which a simple error may result in irremedial doom for the client. We see no reason why either appellate decision-making or appellate practice should differ in any substantial way from the manner in which cases are determined and presented in the trial courts: with an equally effective determination that, as far as possible, cases are to be determined on their merits.
In a situation such as this one, in which it is obvious that a defect in the appellate record may be quickly and easily corrected,[1] it seems clear to us that the ends of justice are best served, and the litigant's constitutional right to effective appellate review is best preserved, by affording the appellant a reasonable opportunity to supply the omitted portions of the record. Accordingly, in the exercise of our discretion, under the clear authority conferred upon us by Fla.App. Rule 3.6, subd. l,[2] we hereby grant the wife-appellant a period of fifteen days from the date of this order within which to supply to this Court, in the form of a supplemental Appendix of Appellant,[3] copies of the complete transcript of trial proceedings below; in default of which the order on interlocutory appeal will stand affirmed.
It is so ordered.
*470 MANN, C.J., concurs.
BOARDMAN, J., concurs specially with opinion.
BOARDMAN, Judge (concurring specially).
In agreeing with the majority opinion I hasten to state that it is clearly the sole responsibility and, indeed, the duty, of appellant, particularly in a civil case, to see to it that so much of the record of the trial court upon which he intends to rely is filed with this court. See 3.6, subd. d(1), F.A.R.
Further, the decision of the court in this case should not be construed and interpreted by the bar that we will in every case, where a material part of the record is missing, permit the filing of a supplement to the original record. I join the majority in doing so in this case only because the best interest and welfare of the minor child is involved and, in such circumstances, the state, as parens patriae, is the guardian and representative of such persons enjoying the distinction of disability of young age.
NOTES
[1] The principle suggested in this order would not, of course, be applicable to situations in which the appellant cannot physically or specifically does not desire, whether for financial reasons or otherwise, to present to the appellate court a record upon which it can properly review the action below.
[2] This rule is applicable to an interlocutory appeal such as this one pursuant to Fla.App. Rule 4.2, subd. g.
[3] We call the appellant's attention to the fact that the record need not be retyped in the Appendix and that the Appendix may be submitted on legal-sized paper. Thus, the Appendix need be nothing more than multi-graphed copies of the court reporter's transcribed notes.