PER CURIAM.
Sandra Hill, the former wife, appeals a Supplemental Judgment on Former Husband’s Supplemental Petition for Modification of Custody, transferring primary residential custody to James Hill, the former husband. We affirm.
Because this is a review of a non-final order, the former wife was directed by an order of this court to file the initial brief, “accompanied by an appendix which complies with Florida Rule of Appellate Procedure 9.220.” Rule 9.220 is clear that the “purpose of an appendix is to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented.” Fla.R.App.P. 9.220 (emphasis supplied). The appendix attached to the former wife’s initial brief includes only orders rendered by the trial court. No additional record or appendix was filed.
This court is unable to determine if there is competent substantial evidence to support the trial court’s modification of custody because the former wife failed to include an adequate record in the appendix. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory”). The former wife’s failure to prepare an adequate appendix for our review is fatal to her claim.
Accordingly, we affirm the order on appeal.
BARFIELD, C.J., KAHN and DAVIS, JJ„ CONCUR.