778 So.2d 967 (2001)
Sandra HILL, Petitioner,
v.
James HILL, Respondent.
No. SC00-1440.
Supreme Court of Florida.
January 25, 2001.
Nancy N. Nowlis of Zisser, Robison, Brown, Nowlis, and Maciejewski, P.A., Jacksonville, FL, for Petitioner.
John M. Merrett, Jacksonville, FL, for Respondent.
PER CURIAM.
Petitioner seeks review of Hill v. Hill, 765 So.2d 99 (Fla. 1st DCA 2000), based on express and direct conflict with In re Adoption of A.M.L., 297 So.2d 840 (Fla. 2d DCA 1974), and Gregory v. Gregory, 289 So.2d 468, 469 (Fla. 2d DCA 1974). She relies on article V, section 3(b)(3) of the Florida Constitution. Because we find no express and direct conflict between these opinions within the four corners of the decision, we deny the petition for review.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs specially with an opinion, in which LEWIS, J., concurs.
PARIENTE, J. specially concurring.
I reluctantly conclude that this Court does not have a basis to exercise our discretionary jurisdiction because within the four corners of this opinion, there is no express and direct conflict between this case and any other case. See Reaves v. State, 485 So.2d 829, 830 (Fla.1986). *968 Nonetheless, the circumstances of this case demonstrate that there is a conflict in philosophies as to how the appellate courts handle a deficient record, especially when the case involves the best interests of the child. I write to explain the facts and circumstances of this case, based on the record we have before us,[1] with the hope that the situation that occurred here may be prevented in the future.
In this case, the trial court transferred primary residential custody from Petitioner, Sandra Hill, the former wife, to Respondent James Hill, the former husband, in response to the former husband's postjudgment petition to modify custody. See Hill v. Hill, 765 So.2d 99 (Fla. 1st DCA 2000). The former wife appealed this order to the First District Court of Appeal, which sua sponte directed that the case be afforded expedited treatment because it "directly involved the welfare of a child." The First District then redesignated the case as an appeal from a nonfinal order and the court ordered that the former wife file her initial brief, accompanied by an appendix, within fifteen days.[2]
The former wife submitted her brief, but the appendix to the brief only included orders rendered by the trial court and it did not contain a transcript of the trial court proceedings. The record on appeal, which included the transcript of the trial court proceedings, was subsequently filed with the First District. However, the First District returned the record on appeal to the trial court, apparently relying on Florida Rule of Appellate Procedure 9.130(d), which provides that in appeals from nonfinal orders, a record on appeal "shall not be transmitted to the court unless ordered."[3] Thus, although the former wife's brief referenced the record on appeal, the First District had returned the record itself to the lower court.[4] Subsequently, the First District, in a per curiam opinion, affirmed the order transferring custody, finding that
[t]his court is unable to determine if there is competent substantial evidence to support the trial court's modification of custody because the former wife failed to include an adequate record in the appendix. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory"). The former wife's failure to prepare an adequate appendix for our review is fatal to her claim.

Hill, 765 So.2d at 100 (emphasis supplied). By citing to Applegate, the First District *969 made clear that it was affirming because of the inadequate record.
Within one week after the issuance of the opinion, the former wife moved for rehearing and for leave to supplement the record with four volumes of record that she asked serve as her appendix to the initial brief. These four volumes included the hearing transcript. However, the First District denied the motion.
As the First District recognized when it initially expedited this appeal, this case involved the time-sensitive issue of custody of a child. Custody of the child, which was originally awarded to the former wife, was transferred to the husband in postjudgment proceedings. The very record of those proceedings was transmitted to the First District, whose procedures provided that the record not be accepted in nonfinal appeals. Although the First District panel might not have realized that the record contained the very transcript it needed to resolve the case on the merits, the panel had an opportunity to direct the former wife to supplement the record pursuant to rule 9.200(f)(2).[5] It does not appear to me that this Court's decision in Applegate was ever intended to operate to preclude a review on the merits under these circumstances. As stated in rule 9.040(d), "[a]t any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits."
Judge Schwartz, when sitting as an associate judge of the Second District, made these observations over a quarter of a century ago in a similar case involving a defective record and an interlocutory appeal from a postjudgment order transferring custody of a child:
Our consideration of the merits of the interlocutory appeal is stymied, indeed precluded at this stage of the proceeding, by the fact that the appendices of the parties, which form the only real "record" before us ... do not contain the entire contents of the hearings....
In the posture of the case, we could, as have so many prior decisions, merely indulge the "presumption of correctness," conclusively presume that the order on interlocutory appeal is supported by those portions of the testimony which are not before us, at least figuratively inform the appellant that the inadvertence of her counsel has negated her right to appellate review, and affirm the order below. We decline to take this view.
Gregory v. Gregory, 289 So.2d 468, 468-69 (Fla. 2d DCA 1974). The Second District determined that instead of affirming on a technicality, when it was apparent that the documents or record actually existed, the court should order supplementation of the record:

In a situation such as this one, in which it is obvious that a defect in the appellate record may be quickly and easily corrected, it seems clear to us that the ends of justice are best served, and the litigant's constitutional right to effective appellate review is best preserved, by affording the appellant a reasonable opportunity to supply the omitted portions of the record. Accordingly, in the exercise of our discretion, under the clear authority conferred upon us by [the appellate rules] we hereby grant the wife-appellant a period of fifteen days from the date of this order within which to supply to this Court, in the form of a supplemental Appendix of Appellant, copies of the complete transcript of trial proceedings below, in default of which the order on interlocutory appeal will stand affirmed.
Id. at 469 (emphasis supplied) (footnotes omitted).[6] Consonant with this philosophy *970 and specifically with regard to child cases, the Second District subsequently held that although appellate courts are permitted to affirm for failure to provide an adequate record, when dealing with children, the "paramount interest" should be the "welfare of the child." In re Adoption of A.M.L., 297 So.2d 840, 840 (Fla. 2d DCA 1974).
Thus, although there is not express and direct conflict between the four corners of the decision in Hill and the decisions in Gregory and A.M.L., there is an express conflict in the philosophies of the First District in Hill and the Second District in Gregory and A.M.L., especially with regard to cases in which the best interests of the child are at stake. The First District foreclosed a decision on the merits because the appendix was defective, even though the record was available. In contrast, the Second District has allowed for supplementation of the record, when possible, in order to reach a decision on the merits in child cases. Because the result of the First District's decision was a denial of a merits review, I urge all of the appellate courts to study their policies in this regard and I urge the Appellate Rules Committee to study this matter as well.
LEWIS, J., concurs.
NOTES
[1] The information that I reviewed included the responses to this Court's September 29, 2000, request for a response, filed by the First District Court of Appeal and the Respondent, and the Petitioner's reply thereto.
[2] Florida Rule of Appellate Procedure 9.130(e) requires that in nonfinal appeals, an appendix as "prescribed by rule 9.220" shall be served with the initial brief. Rule 9.220 specifies that the purpose of the appendix is "to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented."
[3] Counsel was apparently provided with copies of correspondence returning the record and explaining to the Clerk of the Circuit that because this was a nonfinal order the record was not to be transmitted "unless ordered." The correspondence also "noted that the appellant has filed the initial brief with appendix pursuant to Florida Rule of Appellate Procedure 9.130(e)." Thus, rather than putting counsel on notice of a potential problem, it is entirely possible that the letter led counsel to believe that there was nothing more that she needed to do to perfect the appeal.
[4] Notably, the former husband also relied on the record on appeal in his brief and never suggested that the former wife's appendix was inadequate.
[5] Rule 9.200(f)(2) provides that "If the court finds the record is incomplete, it shall direct a party to supply the omitted part of the record. No proceeding shall be determined because of an incomplete record until an opportunity to supplement the record has been given."
[6] Judge Schwartz further observed:

The failure of the courts to adopt such a procedure has led to an unfortunate but wide-spread belief that appellate courts "do not like" and "will do anything to avoid" deciding cases on their merits; as well as to the well-justified belief that appellate practice and particularly the designation of the contents of the record on full appeal and the preparation of appendices on interlocutory appealis the last remaining aspect of litigation in which technicality may be supreme and in which a simple error may result in irremedial doom for the client. We see no reason why either appellate decision-making or appellate practice should differ in any substantial way from the manner in which cases are determined and presented in the trial courts: with an equally effective determination that, as far as possible, cases are to be determined on their merits.
Gregory, 289 So.2d at 469.