BERGER, W., Associate Judge,
dissenting.
I agree with the majority that the trial judge applied the wrong legal standard. If this case were not moot, I would reverse and remand for consideration using the correct, compelling state interest standard. However, because I disagree with the majority view that this is a case capable of repetition yet evading review, I would dismiss the appeal as moot. Accordingly, I dissent.
This court was not presented with a case of first impression warranting an opinion to assist trial courts and counsel in similar future expedited cases. It matters *268 not that the ease before us involves a hospital’s desire to compel medical treatment over the objection of a pregnant woman. See Pemberton v. Tallahassee Mem’l Reg’l Med. Ctr., Inc., 66 F.Supp.2d 1247 (N.D.Fla.1999) (State’s interest in preserving the life of the unborn child outweighed the pregnant mother’s constitutional right to refuse medical treatment.). The law to be followed is clear and unambiguous. The proper test to be applied when a trial court is presented with a request to override a competent adult’s constitutional right to refuse medical treatment was decided in In re Guardianship of Browning, 568 So.2d 4 (Fla.1990) (State has a duty to assure that a person’s wishes regarding medical treatment are respected unless the State has a compelling interest great enough to override this constitutional right.). The proper procedure to be followed when a healthcare provider wishes to override a patient’s decision to refuse medical treatment was outlined in In re Matter of Dubreuil, 629 So.2d 819 (Fla.1994) (Healthcare provider must immediately provide notice to both the state attorney, who.is responsible for deciding whether to engage in legal action, and to interested third parties known to the provider.). Additionally, it is well settled that the State’s interest in preserving the life of an unborn child becomes compelling upon viability. Roe v. Wade, 410 U.S. 113, 163, 93 S.Ct. 705 (1973); In re T.W., 551 So.2d 1186, 1194 (Fla.1989) (Viability under Florida law occurs at that point in time when the fetus becomes capable of meaningful life outside the womb through standard medical measures. Under current standards, this point generally occurs upon completion of the second trimester.). Here the trial judge followed the correct procedure but applied the wrong legal standard. Instead of determining whether the State had a compelling interest in overriding the appellant’s right to refuse medical treatment, the judge determined forced treatment was in the best interest of the child.
The trial court specifically found that the risk of severe injury or death to the unborn child was substantial and unacceptable and that the interests of the State in this matter overrode appellant’s privacy interests.[2] While I believe the balancing of interests employed by the trial judge would have been appropriate under Browning,[3] it was the trial court’s application of the State’s parens patriae authority to override the appellant’s right to refuse medical treatment for an existing child that was in error. However, since the principles of law to be applied in this case *269 are not new and the case is now moot, I would dismiss the appeal.

. Due to the lack of an adequate record, we must presume there was sufficient evidence to support the trial judge’s decision, e.g., that viability was determined. See J.P. Morgan Chase Bank v. Combee, 883 So.2d 330 (Fla. 1st DCA 2004) (Inadequacy of record on appeal required District Court of Appeal to presume that sufficient evidence supported trial court’s dismissal of bank’s complaint ... the trial court's decision could well be supported by evidence adduced at trial or hearing but not stated in the judge's order or otherwise apparent in the incomplete record on appeal.); See also Hill v. Hill, 778 So.2d 967 (Fla.2001), quoting Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.)

. A finding of viability must be made before the trial court may engage in a balancing test. It is undisputed that appellant was in the 25th week, or third trimester, of pregnancy. Although this fact alone is not dispositive, it supports a finding of viability, even though not specifically stated in the judge’s order.